UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN ALAN JACKSON,<br><br>                      Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                      Defendant. | Case No. 3:14-cv-05957-RAJ-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for November 6, 2015 |

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits be reversed and this matter be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On October 22, 2008, plaintiff filed an application for disability insurance and SSI benefits, alleging in both applications he became disabled beginning December 1, 2006. *See* Dkt. 13, Administrative Record ("AR") 17. Those applications were denied at the initial stages and

REPORT AND RECOMMENDATION - 1

then by an administrative law judge in a decision dated September 23, 2010. *See id*. Plaintiff appealed to the Appeals Council, which accepted review and remanded the case for further proceedings. *See id.*

A hearing was held before administrative law judge Cynthia Rosa ("the ALJ") on December 6, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 55-89. In a decision dated April 26, 2013, the ALJ determined plaintiff to be not disabled. *See* AR 14-52. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on October 3, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1-5; 20 C.F.R. § 404.981, § 416.1481. On December 11, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on May 15, 2015. *See* Dkt. 13. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or alternatively for further administrative proceedings, because the ALJ erred:

(1)  in evaluating the opinion evidence from Alysa Ruddell, Ph.D., Shawn Kenderline, Ph.D., Brian Allender, M.D., Patricia Falsetto, MHP, LMHC, David Widlan, Ph.D., Joy Ruiz-Molleston, M.D., and Rufino Ramos, M.D.;

(2)  in rejecting the lay witness evidence in the record;

(3)  in assessing plaintiff's residual functional capacity ("RFC"); and

(4)  in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the undersigned agrees the ALJ erred in evaluating the opinion

REPORT AND RECOMMENDATION - 2

of Dr. Allendar – and thus in assessing plaintiff's RFC and in finding him to be capable of performing work – and therefore in determining him to be not disabled. Also for the reasons set forth below, however, the undersigned recommends that while defendant's decision be reversed on this basis, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (*citing Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting

REPORT AND RECOMMENDATION - 3

*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.      The ALJ's Evaluation of Dr. Allender's Opinion

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Security Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

In March 2010, Dr. Allender diagnosed plaintiff with posttraumatic stress disorder, a major depressive disorder, and methamphetamine dependence in full remission, opining that he was moderately limited in his ability to perform routine tasks, markedly limited in his ability to interact appropriately in public contacts, and severely limited in his ability to exercise judgment and make decisions, relate appropriately to co-workers and supervisors, respond appropriately to

REPORT AND RECOMMENDATION - 5

and tolerate the pressures and expectations of a normal work setting, and maintain appropriate behavior in a work setting. *See* AR 916-17. In regard to the moderate limitation in plaintiff's ability to perform routine tasks and the severe limitation in his ability to exercise judgment and make decisions, the ALJ stated:

> . . . The undersigned has considered this assessment and largely agrees with the doctor's ratings. As noted, the broad terms used to rate functioning on the [state agency] form [Dr. Allender completed], particularly "moderate" is too vague to be of use in the instant analysis. The undersigned concludes that the claimant's activities show that, despite the assessed moderate limitation in performing routine tasks, the claimant's reported activities of daily living show that he is able to perform simple, routine, repetitive tasks routinely. . . .

AR 36. With respect to the other, marked to severe limitations Dr. Allender assessed, the ALJ stated:

> . . . Dr. Allender . . . based each rating on the claimant's reports of difficulty working with or around others, his avoidance of social contact, and the doctor's "understanding of the impact his mental illness has on his daily activities." . . . These reports, even the quoted portion, are based on the claimant's reports and are not consistent with his actual reported activities, which include taking public transportation, living with or visiting family regularly, shopping in stores. . . .

*Id.* The ALJ went on to state that while he agreed plaintiff required "significant restrictions in his social contact in the workplace," no limitations greater than those contained in the ALJ's RFC assessment – in which plaintiff was found to be capable of performing "**simple, routine, repetitive tasks in work that does not involve the public or more than superficial contact with co-workers**" – were warranted. AR 23 (emphasis in original); 36.

Plaintiff argues these are not valid reasons for rejecting the marked to severe limitations Dr. Allender assessed. The undersigned agrees in part. First, while he noted the severe limitation in plaintiff's ability to exercise judgment and make decisions, the ALJ did not give any reason for rejecting it. Rather, the ALJ discussed the limitation to simple, routine, repetitive tasks only

REPORT AND RECOMMENDATION - 6

in the context of the moderate limitations Dr. Allender assessed. Nor is it clear that restricting plaintiff to simple, routine, repetitive tasks fully encompasses a limitation in one's ability to exercise judgment and make decisions, or that the activities the ALJ notes plaintiff engaged in (*see* AR 21) are necessarily inconsistent therewith. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999) (upholding rejection of physician's conclusion that claimant suffered from marked limitations in part on basis that claimant's reported activities of daily living contradicted that conclusion). Further, it seems Dr. Allender based this limitation on his own observation of plaintiff "struggle[ing] to concentrate, [and] problem-solve daily issues" (AR 917). *See Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (opinion that is based on clinical observations is competent evidence).

On the other hand, the ALJ did not err in rejecting the severe limitation on the ability to relate appropriately to co-workers and supervisors for the reason that it was based on plaintiff's self-reporting, as Dr. Allender clearly indicated plaintiff's report of "difficulty with working with or around others" was the basis for that limitation. *See* AR 917; *Morgan*, 169 F.3d at 602 (opinion premised to large extent upon claimant's own account of his subjective complaints may be disregarded where those complaints have been properly discounted) (quoting *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir.1989)). The same is true regarding the marked limitation in the ability to interact appropriately in public contacts, as Dr. Allender based that limitation on it being "very difficult" for plaintiff "to get involved in community activities" due to his mental illness, and that he "avoids social contact when possible." AR 917. Further, the ALJ restricted plaintiff to work that does not involve any public contact, and so this limitation is fully accounted for in the ALJ's RFC assessment in any event.

It is not entirely clear, though, that Dr. Allender based the severe limitations in plaintiff's

REPORT AND RECOMMENDATION - 7

ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting and maintain appropriate behavior in a work setting largely on plaintiff's self-reporting, as Dr. Allender stated he based both limitations on his own observations, his "understanding of the impact of [plaintiff's] mental illness . .. on his daily activities," and on plaintiff's report that "he cannot withstand the pressures of a normal work environment" and that "he would struggle greatly to maintain appropriate behavior" respectively, without indicating which basis for the severity rating he relied on more heavily. *Id.*; *see also Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) ("[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion."); *Ryan v. Comm'r of Social Sec.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("[A]n ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations."). The activities of daily living that the ALJ notes plaintiff engaged in, furthermore, again are not necessarily inconsistent with the above assessed limitations in social functioning, as it is not entirely clear the nature or extent to which plaintiff interacts with others while engaging in them. *See* AR 21.

II.    The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining

REPORT AND RECOMMENDATION - 8

capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's RFC assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.*

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ in this case found that if plaintiff stopped substance use, he had the RFC to perform:

> **. . . light work . . . in that he is able to lift and carry 20 pounds occasionally and 10 pounds frequently and to stand and/or walk for 6 hours in an 8-hour workday. He must alternate between sitting and standing approximately every 30 minutes. The claimant is able frequently to stoop and occasionally to crouch, crawl, and kneel. He is able to perform simple, routine, repetitive tasks in work that does not involve the public or more than superficial contact with co-workers. He must avoid exposure to hazards.**

AR 23 (emphasis in original). Plaintiff argues substantial evidence does not support the above RFC assessment. The undersigned agrees in light of the ALJ's errors in evaluating the opinion evidence from Dr. Allender. Accordingly, here too the ALJ erred.

III.     The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the disability

REPORT AND RECOMMENDATION - 9

evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

At the hearing, the ALJ posed a hypothetical question to the vocational expert containing substantially the same limitations as were included in the ALJ's assessment of plaintiff's residual functional capacity. *See* AR 84-86. In response to that question, the vocational expert testified that an individual with those limitations – and with the same age, education and work experience as plaintiff – would be able to perform other jobs. *See id*. Based on the testimony of the vocational expert, the ALJ found plaintiff would be capable of performing other jobs existing in significant numbers in the national economy. *See* AR 41-42. However, because the ALJ erred in evaluating the medical opinion evidence in the record and in assessing plaintiff's RFC, it is far from clear that the hypothetical question completely and accurately describe all of plaintiff's functional capabilities, and thus neither the vocational expert's testimony nor the ALJ's step five

REPORT AND RECOMMENDATION - 10

1 determination can be said to be supported by substantial evidence or free of error.

2 IV.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical evidence in the record, plaintiff's RFC and his ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration is warranted in this matter. Plaintiff argues that because the evidence in the record shows he is incapable of sustaining even simple work on a consistent basis due to his social functional limitations, remand for an outright award of benefits is proper. But because it is not at all clear that on remand the ALJ would be required to adopt the erroneously rejected limitations Dr. Allender assessed, further administrative proceedings to consider that issue is the

REPORT AND RECOMMENDATION - 11

most appropriate course.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse the decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **November 6, 2015**, as noted in the caption.

DATED this 19th day of October, 2015.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12